# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICHARD L. DOPP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-11-306-D |
| | ) | |
| **JUSTIN JONES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Presently before the Court is the Plaintiff's motion to proceed in forma pauperis. For the reasons stated herein, it is recommended that Plaintiff's motion be denied and the matter be dismissed unless Plaintiff pays the full $350 filing fee within twenty (20) days of any order adopting this Report and Recommendation.

A prisoner who has had three actions previously dismissed on the grounds that the lawsuit was frivolous, malicious, or failed to state a claim, may not, absent "imminent danger of serious physical injury," file a new civil action without prepayment of the entire filing fee. 28 U.S.C. § 1915(g).

In a previous action under 42 U.S.C. § 1983 which Plaintiff filed in this Court, United States Magistrate Judge Gary Purcell recommended that Plaintiff's motion for leave to proceed in forma pauperis be denied under 28 U.S.C. § 1915(g) because Plaintiff had accumulated three or more strikes and had failed to meet the "imminent danger" requirement.

Dopp v. Jones, No. CIV-10-1198-D (W.D. Okla. Nov. 10, 2010). Specifically, Judge Purcell found that the dismissal of Plaintiff's § 1983 action in Dopp Ward, No. CIV-02-1559-T (W.D. Okla. Aug. 29, 2003), for failure to state a claim upon which relief may be granted constituted a strike after that decision was affirmed on appeal to the Tenth Circuit in Dopp v. Western District of Oklahoma, No. 04-6065, 105 Fed. Appx. 259 (10th Cir. July 28, 2004). Dopp, No. CIV-10-1198-D, at 3-4. Next, Judge Purcell noted that in Dopp v. Harkins, No. 02-CV-806-H (M) (N.D. Okla. Sept. 20, 2004), the court dismissed Plaintiff's § 1983 action pursuant to 28 U.S.C. § 1915(e) and notified Plaintiff that the dismissal counted as a "prior occasion" under 28 U.S.C. § 1915(g). Dopp, No. CIV-10-1198-D, at 4. Judge Purcell then found that this dismissal counted as a strike after Plaintiff waived his opportunity to appeal the court's order. Id. Finally, Judge Purcell noted that in Dopp v. Loring, No. 02-CV-659-SEH-FHM (N.D. Okla. Mar. 11, 2005), the court dismissed Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the Tenth Circuit in Dopp v. Loring, No. 05-5057, 245 Fed. Appx. 842 (10th Cir. Aug. 30, 2007), affirmed the dismissal and dismissed the appeal and then assessed two strikes against Plaintiff, one for the district court dismissal and one for the dismissal of the appeal. Dopp, No. CIV-10-1198-D, at 4.

Judge Purcell also found that Plaintiff had not met the "imminent danger" exception. Judge Purcell noted that Plaintiff raised several allegations of inadequate conditions of confinement at the Oklahoma State Penitentiary and that he alleged a number of previous illnesses and injuries which he claimed were being exacerbated by his continued confinement at the Oklahoma State Penitentiary. Id. at 4-5. Judge Purcell also noted that the main gist of Plaintiff's complaint was that he should be confined in a medium security facility rather than a maximum security facility so that he could resume his preaching at church services.

Id. at 5. Based on this, Judge Purcell found that Plaintiff failed to demonstrate any credible allegation that he was in imminent danger of serious physical injury, and thus, recommended that Plaintiff's motion for leave to proceed in forma pauperis be denied and his complaint dismissed unless he paid the filing fee. Id.

Plaintiff did not file any objections to the report and recommendation nor did he ask that his motion to proceed in forma pauperis be reconsidered. Instead, he voluntarily dismissed his complaint on November 30, 2010. Case No. CIV-10-1198-D, United States District Court for the Western District of Oklahoma, Docket. Plaintiff has now refiled his complaint attempting to correct some of the deficiencies noted by Judge Purcell,[1] and that refiled complaint is the subject of this action. Plaintiff's Motion to Proceed In Forma Pauperis, 5.

In his motion to proceed in forma pauperis, Plaintiff raises several allegations regarding why Judge Purcell should not have found that he accumulated three or more strikes and why he meets the "imminent danger" exception. Plaintiff's Motion to Proceed In Forma Pauperis, 5-12. However, the undersigned may not consider Plaintiff's allegations concerning the propriety of Judge Purcell's recommendation that Plaintiff's motion to proceed in forma pauperis be denied under 28 U.S.C. § 1915(g). The correct procedure was for Plaintiff to file timely objections to Judge Purcell's Report and Recommendation with

---

[1] Judge Purcell found that Plaintiff's complaint was not filed on the proper form as required by Local Civil Rule 9.2(a) and that the complaint did not contain sufficient information regarding Plaintiff's exhaustion of his administrative remedies and the previous actions he had filed. Dopp, No. CIV-10-1198-D, at 2.

3

Judge DeGiusti, and Plaintiff's voluntary dismissal was not a substitute for such procedure. See 28 U.S.C. § 636; Fed. R. Civ. P. 72; see also Bishi v. Black Mountain Center, No. 95-2653, 1996 WL 73688, at *1 (4th Cir. Feb. 21, 1996) ("[M]otion for voluntary dismissal is not a substitute for objections to the magistrate judge's report . . . ."). Plaintiff was informed of his right to timely object to Judge Purcell's Report and Recommendation but he did not do so. Moreover, the undersigned has reviewed Judge Purcell's findings and finds that Judge Purcell was correct in denying Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915(g). Further, Plaintiff has not made the required showing of imminent danger and accordingly, the undersigned recommends that Plaintiff's motion to proceed in forma pauperis be denied and that the action be dismissed unless the filing fee is paid in full. See Lister v. Department of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (magistrate judge should have issued report and recommendation recommending denial of motion to proceed in forma pauperis).

## RECOMMENDATION

For the reasons and to the extent set forth above, it is recommended that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis be **DENIED** and that the cause of action be **DISMISSED WITHOUT PREJUDICE** unless Plaintiff pays the $350.00 filing fee within twenty days from the date of any order adopting this Report and Recommendation. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 18, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this

Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 28th day of March, 2011.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE