IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LYNN DOPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-306-D |
| ) | |
| JUSTIN JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Doyle W. Argo on March 28, 2011 [Doc. No. 9]. Judge Argo recommends that Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 be denied and that this action be dismissed without prejudice unless Plaintiff pays the full $350 filing fee within 20 days. This recommendation is based on findings that Plaintiff is subject to filing restrictions under § 1915(g) and his allegations are insufficient to satisfy the statutory exception. Plaintiff, who appears *pro se*, has filed a timely objection and a supplemental *in forma pauperis* motion to cure deficiencies in his original motion.[1] The Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] The original motion was missing information regarding Plaintiff's institutional accounts. Also, Plaintiff filed a supplement to a motion for preliminary injunctive relief that was filed with his Complaint. This motion and supplement address issues related to disciplinary actions against Plaintiff and his efforts to obtain relief from those actions; they have no bearing on the question of his *in forma pauperis* status.

Upon consideration of Plaintiff's *pro se* filings, which are liberally construed, the Court discerns the following objections to Judge Argo's findings: (A) Plaintiff contends he has not accumulated three strikes but "only one (1) possibly even two (2) legitimate strikes against him," *see* Motion for Leave to Proceed In Forma Pauperis [Doc. Nos. 2, 11] at 7; (B) Plaintiff contends he has made sufficient allegations of imminent physical danger to satisfy the § 1915(g) exception; and (C) Plaintiff asserts that the three-strikes rule as applied by federal courts is unconstitutional. The Court believes this last assertion is foreclosed by prior decisions of the court of appeals. *See White v. State of Colo.*, 157 F.3d 1226, 1233-35 (10th Cir. 1998); *see also Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). Accordingly, the Court examines only Plaintiff's first two challenges to the Report.

**A. Three Strikes**

Plaintiff questions whether Judge Argo has miscounted the number of strikes assessed against him under § 1915(g). Plaintiff states that Judge Thompson dismissed *Dopp v, Ward*, Case No. CIV-02-1559-T (W.D. Okla. Aug. 29, 2003), without prejudice to a future amendment and did not state that the dismissal would count as a strike. Plaintiff states a belief that his second case, *Dopp v. Harkins*, Case No. 02-CV-806-H(M) (N.D. Okla. Sept. 20, 2004), was dismissed for lack of jurisdiction or as barred by the statute of limitations, and that this order of dismissal was also silent concerning any strike. Concerning the third and fourth strikes counted for *Dopp v. Loring*, Case No. CIV-02-659-SEH-FHM (N.D. Okla. Mar. 11, 2005) and Appeal No. 05-5057, 245 F. App'x 842 (10th Cir. Aug. 30, 2007), Plaintiff contends this dismissal also should not count because it rested on jurisdictional or timeliness grounds and, even if it did count, an affirmance of the dismissal should not count as a separate strike.

The Court rejects these contentions, which are inconsistent with controlling legal authority. The Tenth Circuit has plainly held that "[i]t is irrelevant under § 1915(g) whether the district court affirmatively stated in the order of dismissal that it was assessing a strike." *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011). Also, it is "settled that 'a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.'" *Id.* (quoting *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999)).

First, Judge Thompson dismissed the *Ward* case because Plaintiff failed to state a valid claim and, as to any potential claim, Plaintiff elected not to amend but to stand on his pleading. *See Dopp v. Ward*, Case No. CIV-02-1559-T, Judgment (W.D. Okla. Feb. 9, 2004). The judgment of dismissal was affirmed because "the district court correctly dismissed Dopp's complaint." *See Dopp v. Ward*, 105 F. App'x 259, 261 (10th Cir. 2004). Upon affirmance and a waiver of further review, the dismissal counted as a single strike. *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999); *see also Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011).

Second, the *Harkins* case was expressly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See Dopp v. Harkins*, Case No. 02-CV-806-H(M), Order Dism. Compl. at 3-4, 6, & Judgment (N.D. Okla. Sept. 20, 2004). The order of dismissal stated that it would count as a "prior occasion" under § 1915(g). *See id.* Order Dism. Compl. at 5, 6. Plaintiff did not appeal, and thus the district court's assessment ripened into a strike 30 days later, when Plaintiff waived his opportunity to appeal. *See Jennings*, 175 F.3d at 780; *see also Hafed*, 635 F.3d at 1177.

Finally, Plaintiff's action against one defendant in *Loring* was also dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Dopp v. Loring*, Case No. 02-CV-659-SEH-FHM, Order at 14 (N.D. Okla. Mar. 11, 2005). In affirming this dismissal, the court of appeals expressly stated: "Dopp has

3

accumulated two strikes in this matter – one for the dismissal of this appeal and one for the district court's dismissal." *See Dopp v. Loring*, 245 F. App'x 842, 851 (10th Cir. 2007). Plaintiff did not seek rehearing by the court of appeals or review by the Supreme Court, and thus, this assessment became final and ripened into two strikes 90 days later, when the time to file a petition for writ of certiorari expired. *See Smith*, 636 F.3d at 1314; *Hafed*, 635 F.3d at 1176.

Therefore, the Court finds that Judge Argo correctly concluded that Plaintiff has accumulated more than three strikes and is subject to filing restrictions under § 1915(g) with respect to any further § 1983 actions that he asks to file *in forma pauperis*.

### B. Imminent Physical Danger

Plaintiff seeks to avoid the "three strikes" rule by relying on allegations stated in his Complaint and a supplement attached to his *in forma pauperis* motions, by which Plaintiff attempts to satisfy a statutory exception that is available when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To satisfy the imminent-danger exception of § 1915(g), an inmate is "required to make 'specific, credible allegations of imminent danger of serious physical harm.'" *Hafed*, 635 F.3d at 1176 (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001)). "Every circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Id*. (citing cases). To meet the requirement, an inmate may not rely on vague or conclusory allegations, but must specify the facts on which the threat of imminent danger is based. *Id*. at 1180 (discussing *White v. Colorado*, 157 F.3d 1226 (10th Cir. 1998)).

In this case, Judge Argo concludes that Plaintiff has failed to satisfy these requirements but, instead, merely repeats allegations previously made in a case filed on November 4, 2010, which

4

Plaintiff voluntarily dismissed after another magistrate judge found Plaintiff was subject to § 1915(g) and recommended a denial of *in forma pauperis* status. *See Dopp v. Jones*, Case No. CIV-10-1198-D, Report & Recom. (W.D. Okla. Nov. 10, 2010) (Purcell, J.). Plaintiff disagrees with Judge Argo's findings and, in his objection, attempts to cure any deficiency in the Complaint and motion papers by supplying additional allegations. Also, Plaintiff catalogues each allegation of physical injury in the Complaint and argues that these constitute credible allegations of current, serious conditions that need immediate attention. The Court is unpersuaded and, instead, finds that Plaintiff has failed to present specific allegations that he was in <u>imminent</u> danger of serious physical injury at the time he filed his Complaint.

The Complaint asserts numerous claims related to Plaintiff's confinement in the Oklahoma State Penitentiary ("OSP") at McAlester, Oklahoma. Some claims concern particular events, such as Plaintiff's arrest in November, 2009, his assignment to OSP, alleged placements of Plaintiff in disciplinary and administrative segregation at OSP, interrogations by internal affairs officers, and a seizure of Plaintiff's bibles and property in December, 2009. Other claims, however, allege unconstitutional conditions with regard to lighting, showers, exercise, leg restraints, dental hygiene supplies, dental care, food, clothing, bedding, shoes, laundry and mail services, religious materials or services, and medical care. The claims alleging physical injury are: a lack of lighting during a 30-day disciplinary confinement in November, 2009, allegedly injured Plaintiff's eyes; a repeated use of leg restraints has allegedly aggravated a prior ankle injury; the confiscation of Plaintiff's orthopedic shoes and a subsequent supply of poor quality shoes have allegedly exacerbated Plaintiff's ankle problem; an inadequate supply of food, together with a heavy dosage of pain medication taken for migraine headaches, have allegedly caused weight loss and stomach symptoms that suggest an ulcer; Plaintiff allegedly has been refused prescription medication that he requested

5

for a medical condition (enlarged prostate), which is going untreated; poor bedding and a slip-and-fall injury in August, 2010 (allegedly due to wearing leg restraints in the shower), have allegedly caused a back and hip injury and pain that has gone untreated; inadequate opportunities for showers have allegedly caused Plaintiff to suffer skin problems and injuries related to poor hygiene; limitations on out-of-cell exercise have allegedly cause muscle loss and atrophy; inadequate dental hygiene supplies provided to Plaintiff due to his indigent status allegedly have worsened his periodontal disease and caused dental problems; and a delay in receiving dental care for a loose filling in a molar tooth allegedly might jeopardize the tooth.[2]

With minor exceptions, the allegations asserted in the Complaint, and the statements made in an attached declaration, are identical to those presented by Plaintiff in Case No. CIV-10-1198-D. The prior complaint was accompanied by the same declaration, except that Plaintiff has added two pages of information and executed a new verification dated March 14, 2011.[3] The additional information relates one intervening event involving allegations of physical injury (a seizure of Plaintiff's mattress in December, 2010, causing more back and hip pain) and adds allegations that Defendants are intentionally inflicting emotional distress that is affecting Plaintiff's mental and physical health, including an increase in the frequency and intensity of his migraine headaches.[4] The Complaint in this case also alleges that the time period during which Plaintiff has been denied dental

---

[2] Plaintiff notes that he originally began complaining of dental problems he experienced at another facility in a 2002 case, but succeeded in asserting a claim only after he alleged the loss of a tooth in a 2006 case. *See* Objection [Doc. No. 14] at 2-3, 5. Plaintiff contends he should not have to wait for another similar injury to obtain relief.

[3] The prior declaration was executed on November 2, 2010. *See Dopp v. Miller*, Case No. CIV-10-1198-D, Compl. attach. 1 (W.D. Okla. Nov. 4, 2010).

[4] Plaintiff acknowledges that he has a history of migraine headaches but speculates that a change in severity may signal another problem, such as "cranial tumor(s)." *See* Compl. attach. 1 [Doc. No. 1-1] at 14, ¶¶ AA.

care now exceeds one year, and Plaintiff has added allegations that the unconstitutional conditions of his confinement are "ongoing" and "continuing." *See* Compl. [Doc. No. 1] at 31, 33, 34-36. Plaintiff makes similar conclusory allegations in his motion papers that the conditions alleged in the Complaint continue to cause him injury, pain, and "degeneration" of his physical condition. *See* Motion for Leave to Proceed In Forma Pauperis [Doc. No. 2] at 8-12. Similarly, in his objection to the Report and Recommendation, Plaintiff emphasizes that many of the alleged conditions at OSP are ongoing problems.

From Plaintiff's own allegations and arguments, it is clear that the physical injuries alleged in the Complaint are not new but are the same ones Plaintiff complained about in November, 2010, except to the extent an unabated problem or degenerative condition may lead to worsening injury. Plaintiff does not allege any ongoing threat to his physical safety, such as unsafe institutional placement, *see*, *e.g.*, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (threat of violence); *Andrews v. Cervantes*, 493 F.3d 1047, 150 (9th Cir. 2007) (contagious disease); or a denial of treatment for a chronic disease that could result in serious harm. *See*, *e.g.*, *Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (hepatitis C); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (HIV and hepatitis). The Court finds persuasive a recent federal appellate opinion discussing the application of the imminent-danger exception to allegations of untreated conditions:

> [T]he prisoner's factual allegations must be sufficiently specific for us to infer that the prisoner has a serious disease and that prison officials have failed to treat it. Absent such allegations, we have no basis for evaluating the imminence or dangerousness of the threat the prisoner faces. Moreover, unless we require prisoners to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment.

*Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415, 421 (D.C. Cir. 2009). This view is consistent with the Tenth Circuit's published opinions regarding the degree of specificity needed to satisfy the

imminent-danger exception when an untreated medical condition is involved: The inmate "should make a 'specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion.' He should identify at least 'the general nature of the "serious physical injury" he asserts is imminent.'" *Hafed*, 635 F.3d at 1180 (quoting *White*, 157 F.3d at 1231-32).

In this case, Plaintiff's papers are replete with allegations of chronic musculoskeletal pain and migraine headaches, but he makes no credible allegation that these conditions are untreated. To the contrary, he complains that he receives a high dosage of pain medication that causes side effects. Concerning the adequacy of his diet, Plaintiff alleges simply that he lost 12 pounds during a six-month period ending in June, 2010. The only ongoing health conditions alleged in the Complaint are an enlarged prostate, inadequate dental hygiene supplies affecting Plaintiff's periodontal disease, and an untreated loose filling causing dental problems. Plaintiff does not mention any symptom or problem related to his prostate condition. As to dental care, Plaintiff does not provide any specific allegation to suggest an acute problem or an imminent threat of serious injury. Plaintiff does not allege that his periodontal disease is severe, for example, causing his gums to become infected, nor that his untreated tooth problem is causing infection or severe pain. *See, e.g.*, *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). In short, the Court finds a lack of specific factual allegations from which an imminent danger of serious physical harm can be found.

Therefore, the Court finds that Judge Argo correctly concluded that Plaintiff does not qualify for *in forma pauperis* status because he has not satisfied the limited exception to § 1915(g), and his motion to proceed under 28 U.S.C. § 1915 must be denied.

**Conclusion**

Upon *de novo* review of the issues, the Court fully concurs in Judge Argo's finding that Plaintiff is not entitled to proceed *in forma pauperis* by operation of § 1915(g).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED. Plaintiff's motions to proceed *in forma pauperis* [Doc. Nos. 2 & 11] are DENIED. Plaintiff shall pay the filing fee for this action in the amount of $350.00 within 20 days from the date of this Order. Failure to make full payment by that date will result in the dismissal of this action without prejudice to refiling.

IT IS SO ORDERED this 13th day of June, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE